**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-2508

———————

CHRISTOPHER COURTNEY MCCALLA,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

———————

On Petition for Review of an
Order of the Board of Immigration Appeals
(A097-553-556)

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
May 28, 2021

———————

Before: GREENAWAY, JR., SHWARTZ, *Circuit Judges*, and ROBRENO,
*District Judge.*[*]

(Filed: June 11, 2021)
———————

OPINION[**]

———————

[*] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

ROBRENO, *District Judge*.

Christopher McCalla petitions for review of the Board of Immigration Appeals'
("BIA") dismissal of his appeal. McCalla argues a full and unconditional gubernatorial
pardon extinguished the immigration consequences of his controlled substance conviction.
He also argues the applicable Immigration and Nationality Act ("INA") provisions
violated his Fourteenth Amendment right to equal protection. We disagree and will
therefore deny the petition for review.

## I. Background

McCalla, a native and citizen of Jamaica, was admitted to the United States in 1990
as a nonimmigrant visitor for pleasure and overstayed his visa. He has a U.S. citizen
spouse and U.S. citizen children. In 2005, McCalla was arrested by the Pennsylvania state
police for possession of marijuana. He pled guilty in state court to the offense.

McCalla was subsequently placed in removal proceedings as a result of his
overstay. In 2008, he applied for cancellation of removal and adjustment of status
pursuant to Section 240A(b)(1) of the INA, which permits the Attorney General to cancel
removal and adjust the immigration status of aliens who, among other things, have been
physically present in the United States for at least ten years and whose removal would
result in hardship to an immediate family member. *See* 8 U.S.C. § 1229b(b)(1).
However, McCalla's marijuana conviction rendered him statutorily ineligible for
cancellation relief or adjustment of status. *See id.* § 1229b(b)(1)(C).

In 2019, Pennsylvania Governor Tom Wolf fully and unconditionally pardoned McCalla for the controlled substance conviction. McCalla informed the BIA of the pardon and argued he was now eligible for cancellation of removal because he was no longer "convicted" of the offense. The BIA disagreed, concluding that McCalla's conviction rendered him ineligible for cancellation of removal despite the gubernatorial pardon. This timely appeal followed.

## II. Discussion

We have jurisdiction over final orders of the BIA pursuant to 8 U.S.C. § 1252(a)(1). We review legal questions concerning the interpretation of the INA de novo. *Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012).

On appeal, McCalla raises two arguments. First, he argues the gubernatorial pardon extinguishes the immigration consequences of his controlled substance conviction. Second, he argues the INA's disparate treatment of aliens convicted of drug possession offenses violates his Fourteenth Amendment right to equal protection. We consider and reject these arguments in turn.

## A. Gubernatorial Pardon

McCalla's argument that a gubernatorial pardon extinguishes the immigration consequences of his conviction is foreclosed by this Court's recent opinion in *Aristy-Rosa v. Attorney General United States*, 994 F.3d 112 (3d Cir. 2021).

*Aristy-Rosa* involved a petitioner who was admitted to the United States as a lawful permanent resident. *Id.* at 113. Several years later, he was convicted of attempted

criminal sale of cocaine, in violation of New York state law. *Id.* He then received a Notice to Appear in the Immigration Court, which charged him with being subject to removal under the INA because (1) he had committed a crime relating to a controlled substance, (2) the controlled substance conviction constituted an aggravated felony, and (3) he was inadmissible at the time of his application for adjustment of status. *Id.* at 113-14. After New York Governor Andrew Cuomo pardoned his controlled substance conviction, the petitioner moved to reopen his removal proceedings, arguing the pardon eliminated the basis for his removal. *Id.* at 114. The Immigration Judge denied the motion, the BIA dismissed the appeal, and the petitioner petitioned this Court for review. *Id.*

On appeal, we noted that the INA contains an express provision addressing the effect of gubernatorial pardons on certain deportable aliens. *Id.* at 115. Pursuant to that provision, crimes of moral turpitude, aggravated felonies, and high-speed flight cannot serve as the basis for removing an alien who has received a full and unconditional pardon by the President or a state governor for those crimes. *Id.* (citing 8 U.S.C. § 1227(a)(2)(A)(vi)). However, "Congress did not explicitly provide that a full pardon for a controlled substance conviction extinguishes the immigration consequences of that offense." *Id.* We therefore concluded that, under the plain text of the statute, the petitioner's pardon eliminated the aggravated felony ground for his removal but not the controlled substance ground. *Id.*

4

Here, too, McCalla is ineligible for a waiver because the statute's express waiver provision does not apply to him. First, like the petitioner in *Aristy-Rosa*, McCalla was convicted of a controlled substance offense, which the pardon waiver provision does not cover. *See id.* Second, even if the waiver did cover a controlled substance offense, the provision applies only to immigrants who are deportable and would not waive the grounds for McCalla's inadmissibility.[1] *See Balogun v. Att'y Gen.*, 425 F.3d 1356, 1362 (11th Cir. 2005) ("Section 1182 does not have a pardon provision like section 1227 does, and we believe that if Congress had intended to extend the pardon waiver to inadmissible aliens, it would have done so."); *see also Aguilera-Montero v. Mukasey*, 548 F.3d 1248, 1251 (9th Cir. 2008) ("[The petitioner's] state pardon does not entitle him to a waiver that does not exist in 8 U.S.C. § 1182(a)(2)(A)(i)(II).").

Accordingly, McCalla's gubernatorial pardon did not extinguish the immigration consequences of his controlled substance conviction.

## B. Fourteenth Amendment

---

[1]     Aliens are deportable if they "are either (1) eligible to enter when they arrive and are admitted, but become ineligible to remain because of some later event, or (2) . . . were admitted, but would not have been had their inadmissible status been known at the time of admission." *Aristy-Rosa*, 994 F.3d at 115 n.3 (quoting *Balogun v. Att'y Gen.*, 425 F.3d 1356, 1362 (11th Cir. 2005)). In contrast, "inadmissibility applies to those aliens who, for one reason or another, are ineligible to enter or re-enter the United States in the first place." *Id.* (quoting *Balogun*, 425 F.3d at 1362). McCalla's controlled substance conviction rendered him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i).

McCalla's equal protection challenge to the applicable INA provisions fails because there is a rational basis for limiting the pardon waiver to the categories of crimes enumerated in the statute. As we noted in *Aristy-Rosa*, "[s]ome controlled substance offenses are also aggravated felonies, . . . but not all aggravated felonies involve controlled substances. Congress could have rationally decided that controlled substance offenses warrant removal because of the impact such crimes have on the entire community." 994 F.3d at 116 (citing *In re Suh*, 23 I. & N. Dec. 626, 627-28 (B.I.A. 2003)).

### III. Conclusion

For the foregoing reasons, we will deny the petition for review.